IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL RABIN, et al.,

                Plaintiffs,

v.                                           Case No. 19-2771-JWL

BILL GOSLING OUTSOURCING CORP.,

                Defendant.

## ORDER TO SHOW CAUSE

Plaintiffs, Daniel Rabin and HERA, LLC (f/k/a HRY, LLC), filed this action against defendant Bill Gosling Outsourcing Corporation.  Plaintiffs allege breach of fiduciary duty, unjust enrichment, fraud by silence, and negligent misrepresentation claims related to a dispute over defendant's sale of a call center in the Philippines.  The complaint alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse.[1]  However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure.  For example, if the business is a corporation, its citizenship is both the state where its incorporated and the state where its principal place of business is located.[2]  And if the business is an unincorporated association (such as a limited liability

---

[1] ECF No. 1.

[2] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members.[3] The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[4] It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[5]

Here, the complaint indicates that plaintiff Daniel Rabin is a Kansas resident and plaintiff HERA, LLC f/k/a HRY, LLC, is a Kansas LLC.[6] However, the complaint is silent as to the identity and citizenship of the individual members of the LLC.[7] Similarly, the complaint indicates that defendant is a Virginia corporation but does not indicate where its principal place of business is located.[8] Although HERA, LLC and Bill Gosling Outsourcing Corporation have filed corporate disclosure statements,[9] the record fails to establish citizenship for diversity jurisdiction purposes.

---

[3] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[4] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[5] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

[6] ECF No. 1.

[7] *Id.*

[8] *Id.*

[9] ECF Nos. 4, 7.

O:\SHOW CAUSE ORDERS\19-2771-JWL-OTSC LACK OF SMJ.DOCX

IT IS THEREFORE ORDERED that by **February 18, 2020,** the parties shall file a joint status report, with affidavits attached, demonstrating the citizenship of each of the parties and showing cause why this case should not be dismissed for lack of jurisdiction.

Dated February 3, 2020, at Kansas City, Kansas.

<u>s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge

O:\SHOW CAUSE ORDERS\19-2771-JWL-OTSC LACK OF SMJ.DOCX